C. C. SLAUGHTER ET AL v. GEORGE CULLUP.

Decided January 20, 1900.

**Injunction—Fencing Pasture Inclosing Another's Land.**

An injunction will not lie to restrain the owner of contiguous surveys of land from fencing them together on the ground that such inclosure will include a tract belonging to another, where the fencing will not encroach upon the land of such other person.

APPEAL from Castro. Tried below before Hon. H. H. WALLACE.

*Wilson & Kinder,* for appellants.

*W. Boyce,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—Appellants brought this suit to enjoin appellee from fencing his own land, because by doing so it would inclose one of appellant's sections (No. 5), and cut it off from another of their sections (No. 9), upon which was appellants' water, all being used for pasturing cattle. The following plat and explanation will show the point involved better than we can do it otherwise. The statement following is taken from appellants' brief, and is correct:

"Appellants and the Capitol Freehold Land and Investment Company are joint owners of the fence on the west of said pasture. Sections 4, 6, and 8 are school sections, and appellee claims to have purchased them as an actual settler. Appellants are the owners of the alternate patented sections thereon, including section 5. Appellee is about to and is threatening to fence said three school sections and also section 5, without the consent of appellants and against their protest, by joining onto said partion fence at the northwest corner of section 4; thence east 1900 varas; thence south 1900 varas; thence east 1900 varas to the northeast corner of section 8; thence south 1900 varas; thence west 1900 varas; thence south 1900 varas; thence west 1900 varas along the south line of said section 6 to said partition fence. Said fence would completely inclose said section 5, and sever it from appellants' other lands, water, and range, Said section 5 is not completely surrounded by appellee's lands, so as to make it necessary to inclose section 5 in order to inclose his own. Appellants have said pasture stocked, and need the grass on said section 5, and without such grass appellants' cattle will suffer and appellants will suffer irreparable damages. Appellee can fence his land without fencing said section and severing it from appellants' range and water. Appellants' water is on section 9, cornering with section 5, from which the cattle that graze on section 5 water, and said fence separates said water and grass, and appellants will have no water for their stock should appellee fence said section and appellee should turn stock in said pasture, and appellants will be prohibited and prevented from using said grass on section 5 necessary to the care, attention and wintering of appellants'

cattle on said range.   Appellants own section 5, and have the possession thereof and are entitled to free access thereto from their said water on their adjoining section, unobstructed by appellee's fence, and said act of fencing, unless restrained, is prejudicial to appellants. Appellants own lands south of the lands intended to be fenced by appellee.   The only water appellants have to water said cattle on said lands is on section 9, as aforesaid, and in said portion of said pasture water is very scarce and hard to obtain, and appellants would be unable to procure other water for stock, so as to utilize said grass and winter their said cattle thereon, should said fence be constructed.   Said fence would cut off the free access of said cattle on the range south of said fence to said water, and in consequence thereof said cattle would eat off the grass north and east of said watering place accessible thereto before the rising of grass, and in consequence thereof said cattle would suffer and die, and appellants would suffer irreparable damages.   Appellants have no adequate legal remedy to prevent said threatened injury.   They prayed that appellee be enjoined from erecting and maintaining said fence, or any part thereof, and that on final hearing said injunction be perpetuated, and for general and special relief.   Said petition was duly sworn to as required by law."

The court sustained a demurrer to the petition, which stated the case as above, and dissolved the injunction and dismissed the petition, and hence this appeal.   The plat as above was embraced in the petition.

We think the plat and petition showed that appellee could not fence his three sections without inclosing appellants' No. 5.   He could fence them without laying his fence on any of appellants' land, by bringing the northwest corner of No. 8 to touch the southeast corner of No. 4—or, say, within half an inch of the true corner—which would leave a space of one inch open between appellants' No. 5 and No. 8.   The fence would in neither case, in theory, touch appellants' lands anywhere, and yet No. 5 would be, for all practical purposes, separated by appellee's fences as completely as it would be by running the fence from 4 to 8 across the true corner.

Appellee had a right to fence his sections, and unless he included some portion of appellants' lands by crossing at the corner—more than the fence rested upon—he had the right to fence it as he proposed.   He also had a right to go to the line of his sections on the west, building his fence *to the line,* though he would have no right to cross it.   If both parties, however, build *to the line,* which is always imaginary and exists only in theory, their fences will touch, so that there is actually no space between them.   In this way one may connect his fence with another's, but he can not cross the line.   There is no allegation in the petition which shows that appellee proposed to do more than thus connect his fence to the west partition fence, and hence the injunction was properly dissolved and the suit dismissed.

The judgment is affirmed.

*Affirmed.*